UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN BARCALOW,

    Plaintiff,                                Case No. 20-
                                                Hon.

v.

WELLSPRING LUTHERAN SERVICES,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, KAREN BARCALOW, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, WELLSPRING LUTHERAN SERVICES, stating as follows:

**COMMON ALLEGATIONS**

1. That at all times as material hereto, Plaintiff is a resident of the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That at all time as material hereto, the Defendant Wellspring Lutheran Services does operate a senior living center in Saginaw, Michigan.

3. That Plaintiff began working for the Defendant Wellsprings Lutheran services (hereinafter Wellspring) in 2004.

4. That during the course of Plaintiff's employment with the Defendant Wellspring she began experiencing symptoms of COVID-19.

5. That thereafter, she was diagnosed with COVID-19 and tested positive.

6. That subsequent to her testing positive for COVID-19 she applied for and was approved for FMLA leave continuous from April 6, 2020 through a period of twelve weeks.

7. That Defendant's Business Manager Emily Brower did approve Plaintiff's FMLA leave. S**ee Exhibit 1** attached.

8. That thereafter, and on May 19, 2020, the Plaintiff was terminated from employment because she was diagnosed with COVID-19 and purportedly because she failed to come into work while she was on continuous FMLA leave.

9. Defendant also provided false and pretextual reasons for Plaintiff's termination, while she was on FMLA leave. Please see **Exhibit 2** which is the termination letter from Rick Russell Activities Manager for Defendant Wellspring.

10. That Defendant's actions constitute both interference with both interference with Plaintiff's FMLA leave, but also retaliation under the act.

11. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

12. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 29 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367.

## COUNT I – RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

13. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 12 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

14. That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

15. That at all times material hereto, Defendant was a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

16. That at all times material hereto, Plaintiff was an eligible employee as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.110.

17. That the FMLA makes it unlawful for an employer "to discharge or in any other manner discriminate against an individual for opposing any practice made unlawful by" the Act. 29 U.S.C. § 2615(a)(2).

18. That Plaintiff took activity protected by the FMLA by requesting and taking FMLA-qualifying leave. *See Bryant v. Dollar General Corp.*, 538 F.3d 394 (6th Cir. 20087).

19. That Defendant took adverse employment actions against Plaintiff, including terminating her employment.

20. That a causal connection exists between Plaintiff's protected activity and the adverse employment actions.

21. That a causal connection is demonstrated, at least in part, by the varying and inconsistent reasons given for Plaintiff's termination.

22. That Defendant's proffered reasons for terminating Plaintiff's employment are wholly pretextual in nature.

23. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

24. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

> (a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

- (b) The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

- (c) An additional amount as liquidated damages equal to the above two sums;

- (d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

- (e) Any such equitable relief as may be appropriate.

## COUNT II – RETALIATION AND VIOLATIONS OF MICHIGAN PUBLIC POLICY

25. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 13 through 24 of her COUNT I Retaliation in Violation of Family and Medical Leave Act, word for word and paragraph for paragraph, as if fully restated herein.

26. That the Michigan Supreme Court has found "some grounds for disciplining an employee are so contrary to public policy as to be actionable." *Suchodolski v Michigan Consolidated Gas Co*, 412 Mich 692, 695; 316 NW2d 710 (1982).

27. That the Michigan courts have found a cause of action implied where an employer retaliates against an employee for failing or refusing to violate the law in the course of employment. *Id.*

28. That Michigan public policy further prohibits an employer from imposing as a condition of employment an agreement, express or implied, by an

employee with knowledge of the commission of a crime to compound and/or conceal the commission of said crime. *See Pratt v Brown Machin Co, A Division of John Brown, Inc*, 855 F2d 1225, 1236 (CA 6, 1988).

29. That in Executive Order 2020-36, Governor Whitmer declared it the public policy of the State of Michigan that an employer shall not discharge, discipline, or otherwise retaliate against an employee for staying home when he or she is at particular risk of infecting others with COVID-19.

30. That said Executive Order further provided:

 (a) That it is the public policy of the State of Michigan that any and all individuals who tested positive for COVID-19 or who display one or more of the principal symptoms of COVID-19 should remain in their home or place of residence until three days have passed since their symptoms have resolved, and seven days have passed since their symptoms first appeared or since they were swabbed for the test that yielded the positive result; and

 (b) That it is the public policy of the State of Michigan that any and all people who have had close contact with an individual who tested positive for COVID-19 or with an individual who displays one or more of the principal symptoms of COVID-19 should remain in their home or place of residence until either fourteen days have passed since the last close contact with the sick or symptomatic individual, or the symptomatic individual receives a negative COVID-19 test.

31. That Plaintiff engaged in protected activity by refusing (or failing) to violate Michigan law by working from home while exhibiting symptoms of COVID-19.

32. That at all times material hereto, Defendant knew of Plaintiff's

protected activity.

33. That Defendant took adverse employment action by terminating Plaintiff's employment.

34. That a causal connection exists between Plaintiff's protected activity and the adverse employment action.

35. That the reasons proffered by Defendant directly reference Plaintiff's working from home and compliance with said policy.

36. That the reasons proffered by Defendant for taking the adverse employment action are otherwise pretextual in nature.

37. That the reasons proffered by Defendant for taking the adverse employment action are not based in fact, did not actually motivate the decision, and/or were too insufficient to warrant the action taken.

38. That Defendant's actions constitute retaliation in violation of Michigan public policy.

39. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance benefits, disability benefits, investment opportunities, pension and/or retirement benefits, employer contributions, and any and all other compensation and benefits lost to Plaintiff along with an additional sum to offset any negative tax consequences incurred as

a result of any recovery for the same.

40. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

41. That Plaintiff hereby claims any and all costs, interest, and attorney fees permitted by statute, court rule, and/or common law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Dated: June 16, 2020

Respectfully submitted,
THE MASTROMARCO FIRM

By:*/s/ Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, KAREN BARCALOW, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a Trial by Jury on all of the above issues, unless otherwise expressly waived.

                                                                  Respectfully submitted,
                                                                  THE MASTROMARCO FIRM

Dated: June 16, 2020               By:   */s/ Victor J. Mastromarco, Jr.*
                                                             VICTOR J. MASTROMARCO, JR. (P34564)
                                                             Attorneys for Plaintiff
                                                             1024 N. Michigan Avenue
                                                             Saginaw, Michigan 48602
                                                             (989) 752-1414
                                                             vmastromarco@mastromarcofirm.com